In the Matter of the Claim of ALBERT BECKSTEAD, Appellant, against DAIRY-
MEN'S LEAGUE CO-OPERATIVE ASSOCIATION and THE INTERBORO MUTUAL INDEM-
NITY INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.
— Appeal by claimant in a compensation case. The decision denying compensa-
tion is not supported by the evidence. The proof indicates claimant was injured
while driving a truck. The medical proof shows causal relation. There is no
evidence to the contrary. Decision reversed, with costs against the State Indus-
trial Board, and matter remitted. Hill, P. J., Crapser and Foster, JJ., concur;
Bliss and Schenck, JJ., dissent on the ground that there was a clear question of
fact as to the happening of the accident, and on the further ground that the record
shows that this claimant had a previous back condition and had consulted a
physician for it.

In the Matter of the Claim of MARIE FREY, Appellant, against ALBERT REINIKE,
Non-insured Employer, and COMMISSIONER OF TAXATION AND FINANCE, Respond-
ents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the claimant
from an order of the State Industrial Board which reversed the referee and rescinded
an award to the claimant in the amount of $6,353.79, death benefits and funeral
expenses. There is no question raised about the award. The employer had
failed to secure workmen's compensation insurance and had failed to otherwise
secure the payment of compensation as required by the Workmen's Compensation
Law, and he failed to make the payments, as directed by the award, into the
State Aggregate Trust Fund. He pleaded guilty in the Court of Special Sessions
of failing to carry compensation insurance as required by law, and was convicted
and placed on probation. A third-party action was commenced, and in May,
1940, which was thirty months after the employee's death, the employer had paid
but $440 out of a total award of $6,353.79. The action was reached for trial in
May, 1940, and the claimant, as administratrix of the estate of her deceased son,
had negotiations which resulted in an offer of settlement of $4,000. A hearing
was had before the referee in compensation for the purpose of giving the employer
an opportunity to deposit the amount of the award with the State Fund or to
secure guarantee of payment, or to consent to the settlement of the third-party
action. The employer was unable to deposit the amount or to secure its payment
and refused to consent to the settlement of the third-party action. On May
23, 1940, the Surrogate's Court of Queens County made and entered an order
providing for the settlement and the settlement was made without the consent
of the employer. The decision appealed from, therefore, should be affirmed.
Decision appealed from unanimously affirmed, without costs. Present — Hill,
P. J., Crapser, Bliss, Schenck and Foster, JJ.